IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EARL EDWIN PITTS, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:06cv064 |
| ) | Case No. 1:96cr483 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER

The matter comes before the Court on petitioner Earl Edwin Pitts' (i) motion for habeas corpus relief pursuant to 28 U.S.C. § 2255; (ii) motion for leave to conduct discovery; (iii) motion for appointment of attorney; and (iv) motion for leave to amend his reply brief. In his habeas petition, petitioner seeks relief on the grounds (i) that he should be resentenced in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); and (ii) that the government breached its plea agreement with petitioner. A brief review of the relevant history is instructive, as it provides the necessary context for resolving the timeliness of petitioner's § 2255 motion.

On February 28, 1997, petitioner pled guilty to conspiracy to commit espionage and attempted espionage in violation of 18 U.S.C. § 794. On June 23, 1997, petitioner was sentenced to a term of 324 months of incarceration to be followed by five (5) years of supervised release. *See United States v. Pitts*, 973 F.Supp. 576, 577-79 (E.D. Va. 1997). Petitioner's appeal of his sentence to the Fourth Circuit was denied in May 1999, and the Supreme Court denied

petitioner's writ of certiorari on October 4, 1999. *See United States v. Pitts*, 176 F.3d 239 (4th Cir. 1999); *United States v. Pitts*, 528 U.S. 911 (1999). Thereafter, more than six (6) years passed before petitioner filed his § 2255 petition on January 13, 2006. Given this, the initial question is whether petitioner's § 2255 motion is timely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C § 2255 *et seq.*, establishes a one year statute of limitations for filing § 2255 petitions for collateral relief. Under AEDPA, the limitations period begins to run from the latest of four statutorily specified events.[1] The government argues that the statute of limitation began to run on October 4, 1999, the date petitioner's conviction became final as a result of the Supreme Court's denial of his direct appeal. Petitioner disagrees, arguing that the statute of limitations did not begin to run until 2005. Specifically, petitioner argues (i) that on January 12, 2005, the Supreme Court in *Booker* established a newly recognized right applicable retroactively; and (ii) that petitioner first learned that the Government had breached the plea agreement on October 19, 2005. Petitioner argues that either of these events—not the date his conviction became final—is the relevant event

---

[1] 28 U.S.C. § 2255 provides that the limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

for statute of limitation purposes. Accordingly, the issue is which event—(i) the date his conviction became final; (ii) the date the *Booker* decision issued; or (iii) the date when petitioner claims he first learned the government breached the plea agreement—triggered the running of the limitations period.

Petitioner's argument with respect to *Booker* fails because that decision has no application to this case. Every federal court to address the issue, including the Fourth Circuit, has made clear that *Booker* has no retroactive effect. *See, e.g.*, *United States v. Morris*, 429 F.3d 65, 66-67 n.2 (4th Cir. 2005) (listing cases). Accordingly, *Booker* is inapplicable to litigants whose convictions, like petitioner's, became final before it was decided. *Booker* is therefore immaterial for statute of limitation purposes, and petitioner cannot rely on it to toll AEDPA's statute of limitation.

Petitioner argues alternatively that the statute of limitations was tolled until at least October 2005, when petitioner received a letter from the government dated October 19, 2005. This letter, he claims, allowed him to conclude for the first time that the government had breached his plea agreement. Specifically, petitioner alleges that the government breached the plea agreement either (i) by failing to tell the Court at his sentencing in 1997 that petitioner had provided information regarding Robert Hanssen; and (ii) by failing to follow up on the information petitioner provided in his cooperation. This argument also fails, as the October 19 letter that could not have been new to petitioner; indeed, the letter merely reiterates the terms of petitioner's 1997 plea agreement. Accordingly, petitioner's claim that this letter contained new evidence that petitioner could not have discovered in the intervening eight years by his own due diligence is wholly unpersuasive. Accordingly, the letter does not constitute newly discovered

3

evidence sufficient for statute of limitation purposes. *See, e.g.*, *Keenan v. Bagley*, 262 F.Supp.2d 826, 835 (N.D. Ohio 2003) (affidavits from witnesses who testified at habeas petitioner's murder trial do not constitute new evidence).

Quite apart from fact that petitioner's claim in this regard is not based on new evidence, it is also procedurally barred insofar as it seeks relief on the ground that the government failed to inform the Court about petitioner's cooperation in 1997. In this regard, petitioner argues that the government failed to inform the Court that petitioner had provided information regarding Robert Hanssen. Significantly, petitioner did not argue at sentencing that the description of his cooperation was insufficient, nor did he ask the Court to delay sentencing until a full assessment of his cooperation would be possible, which petitioner now says he at that time knew would be essential to evaluating his cooperation. Similarly significant is that petitioner did not raise this issue on direct appeal. Accordingly, he is precluded from raising it collaterally. *See, e.g.*, *Massaro v. U.S.*, 123 S.Ct. 1690, 1693 (2003) (issued not raised on direct appeal procedurally foreclosed on collateral review).[2]

Petitioner also argues that the government breached the plea agreement by failing to follow up on the information he provided regarding Hanssen. Even assuming, *arguendo*, that this claim is not procedurally barred, it fails to state a breach of the plea agreement. The government has sole discretion about whether to seek a downward departure on the basis of a

---

[2]Even were this argument not procedurally foreclosed, it would fail on the merits. The plea agreement makes clear that the government would advise the Court at the time of sentencing as to the value and extent of petitioner's cooperation. The government did so, noting that petitioner had participated in debriefings as well as polygraph tests. Based at least in part on this information, petitioner received a three level reduction in his Sentencing Guideline range for acceptance of responsibility. *See United States v. Pitts*, 973 F.Supp. 576, 577-79 (E.D. Va. 1997).

defendant's cooperation.  *See, e.g.*, *U.S. v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993) (government has the power, but not the duty, to make a motion for a downward departure under § 5K1.1 of Sentencing Guidelines).  A criminal defendant can compel the government to seek a downward departure only by showing that a departure was warranted and that the government's refusal to seek a departure was motivated by discrimination on the basis of race or sex.  Because this sort of discrimination has neither been alleged nor proved, petitioner cannot compel the government to seek a downward departure on the basis of his cooperation.[3]

Even if petitioner had the ability to compel the government to seek a downward departure where his cooperation merited a sentence reduction, relief would be unwarranted in any event.  In this case, the government determined that the information Pitts provided regarding Hanssen was unremarkable, as evidenced by the fact that authorities did not arrest Hanssen until 2001, four years after petitioner pled guilty.  In fact, petitioner's knowledge regarding Hanssen was limited to a single computer hacking incident.  Indeed, when pressed about his knowledge of Hanssen, the government reports that petitioner conceded that he had no information or reason to believe Hanssen was a spy.  Indeed, petitioner candidly admits in his reply brief that he could not have "proven that Hanssen was engaged in espionage."  In any event, even had petitioner provided more valuable information regarding Hanssen, the plea agreement makes clear that the

---

[3] In his reply brief, petitioner alleges that the government failed to make good on the promise it made at sentencing to continue to update the Court with respect to petitioner's cooperation.  Even assuming *arguendo*, the existence of such a promise, its breach would afford petitioner no relief.  This is so because it is the government, not the Court, that has the sole discretion whether to seek a reduction of sentence pursuant to Rule 35, Fed. R. Crim. P.  Nor can petitioner show that his plea agreement was conditioned on the promise that the Court would be advised of any post-sentencing cooperation.  *See generally United States v. Pitts*, 973 F.Supp. 576 (E.D. Va. 1997).

government will ***not*** return to Court to request a re-sentencing based on Pitts' cooperation. Specifically, the plea agreement provides that:

> The defendant acknowledges that he has been advised that the United States will seek no downward departure from the applicable guidelines, or the subsequent sentence imposed, pursuant to Section 5K of the Sentencing Guidelines, or Rule 35(b) of the Federal Rules of Criminal Procedure in respect of defendant's cooperation.

Thus, there is no breach in the government's refusal to return to court now and request a re-sentencing based on information, helpful or not, provided by Pitts in 1997. It is clear that the government did advise the Court at the time of sentencing as to the value and extent of petitioner's cooperation. *See United States v. Pitts*, 973 F.Supp. 576, 577-79 (E.D. Va. 1997). Based at least in part on this cooperation, petitioner received a three level reduction in his Sentencing Guideline range for acceptance of responsibility. *Id.* at 579. For all of these reasons, petitioner's argument that habeas relief is warranted based on the government's failure to follow through with information petitioner provided regarding Hanssen is meritless.

Because petitioner has failed to show either that the Supreme Court recognized a new right that would apply retroactively or that newly discovered evidence warrants restarting the statute of limitation, the pertinent date for statute of limitation purposes is October 4, 1999, when petitioner's conviction became final.

For these reasons, and for good cause,

It is **ORDERED** that petitioner's motion for habeas relief pursuant to 28 U.S.C. § 2255 is **DENIED** as untimely.

It is further **ORDERED** (i) that petitioner's motion for leave to conduct discovery; (ii)

that petitioner's motion for appointment of attorney; and (iii) that petitioner's motion for leave to amend his reply brief are all **DENIED** as moot.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record, and to place the case among the ended matters.

|  |  |
|---|---|
| Alexandria, Virginia<br>April 14, 2006 | _____/s/_____<br>T. S. Ellis, III<br>United States District Judge |