IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EARL EDWIN PITTS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:06cv064 |
| | ) | Case No. 1:96cr483 |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |
| | ) | |

## ORDER

The matter is before the Court on petitioner Earl Edwin Pitts' (i) motion to expand the record, or alternatively, for leave to conduct discovery of certain records [dockets # 96, 97] and (ii) motion to direct service of certain orders and judgments and to reopen the time to file an appeal [dockets # 99, 100].

By Order dated April 14, 2006, Pitts' petition for habeas relief pursuant to 28 U.S.C. § 2255 was denied as untimely. *See Pitts v. United States*, Case No. 1:06cv064 (April 14, 2006) (Order). Thus, Pitts' motion to expand the record or alternatively, for leave to conduct discovery, dated September 6, 2006, which was filed six months after the April 14, 2006 Order issued, is untimely. In any event, assuming it were timely, Pitts' motion raises no argument or evidence that would have altered the result reached in the April 14 Order. Indeed, none of the arguments or evidence in Pitts' motion even addresses the timeliness of his habeas petition, which was the basis for the dismissal of the habeas petition. *See Pitts v. United States*, Case No. 1:06cv064 (April 14, 2006) (Order). Accordingly, this motion must be denied.

Pitts' second motion seeks to direct service of certain orders and judgments and to reopen

the time to file an appeal. Specifically, Pitts asserts that he has not received notice of any orders or judgments entered since February 28, 2006. As such, Pitts argues that he inadvertently failed to file an appeal within the prescribed time limit. *See* Rule 4(a)(1)(B), Fed. R. App. Pro. (prescribing the time to notice an appeal). Thus, Pitts asks for a reopening of the time to file an appeal, pursuant to Rule 4(a)(6), Fed. R. App. Pro.

A district court may reopen the time to file an appeal if three conditions are satisfied: (i) the court finds that the moving party did not receive notice of the judgment or order sought to be appealed within 21 days after entry; (ii) the motion is filed within the earlier of 180 days after the judgment or order is entered or within seven days after the moving party receives notice of the entry; and (iii) the court finds that no party would be prejudiced. Rule 4(a)(6), Fed. R. App. Pro.; *United States v. Hinton*, 120 Fed. Appx. 462 (4th Cir. 2005) (unpublished).

Pitts has satisfied these conditions. To begin with, Pitts has satisfied the first prong, that is, he did not received notice of the orders he wishes to appeal within 21 days after the orders were entered. Specifically, Pitts claims that since February 28, 2006, he has not received notice of any order or judgment, including the April 14, 2006 Order, which denied his habeas petition, or the subsequent April 24, 2006 Order, which construed Pitts' untimely reply brief as a motion for reconsideration and denied the motion. Moreover, Pitts has satisfied the second prong, which requires that the movant file a motion to reopen the time to file an appeal within the earlier of 180 days after the order is entered or seven days after he receives notice of the entry. On September 25, 2006, Pitts learned of the April 14, 2006 and April 24, 2006 Orders when he received the government's response to his motion to expand the record, or alternatively for leave to conduct discovery. Pitts then promptly filed this motion to reopen the time to file an appeal,

which was signed September 27, 2006 and filed on October 2, 2006. Finally, the last prong requires that no party be prejudiced by the motion to reopen. Here, reopening Pitts' time to appeal would not prejudice any party, and instead, would serve the intent of the rules by not foreclosing an appeal by a party who did not receive notice of a dispositive order. *Vencor Hosps. v. Std. Life & Accident Ins. Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002) (explaining that because Rule 4(a)(6) provides a limited opportunity to reopen the time for appeal, it "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect finality of judgments").

For these reasons, and for good cause,

It is hereby **ORDERED** that Pitts' motion to expand the record or alternatively, for leave to conduct discovery is **DENIED**.

It is hereby **ORDERED** that Pitts' motion to direct service of certain orders and judgments and to reopen the time to file an appeal is **GRANTED**. Accordingly, Petitioner is free to appeal this Order, the April 14, 2006 Order, and the April 24, 2006 Order, should he wish to do so, within fourteen (14) days, pursuant to Rule 4(a)(6), Fed. R. App. P.

The Clerk is **DIRECTED** to mail petitioner, free of charge, copies of all orders and judgments entered in this matter after February 28, 2006.

The Clerk is further directed to send a copy of this Order to petitioner and all counsel of record, and to place this cause among the ended matters.

_____/s/_____
T. S. Ellis, III
United States District Judge

Alexandria, Virginia
October 6, 2006