IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EARL EDWIN PITTS,           )| |
|     Petitioner,     )| |
| )| |
| v.           ) | Case No. 1:06cv064 |
| )| Case No. 1:96cr483 |
| UNITED STATES OF AMERICA,   )| |
|     Respondent.    )| |
| )| |

**ORDER**

The matter is before the Court on petitioner Earl Edwin Pitts' petition for a certificate of appealability with respect to the April 14, 2006 Order denying petitioner's motion for habeas relief pursuant to 28 U.S.C. § 2255 and the February 28, 2006 Order denying petitioner's motion for recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.

On February 28, 1997, petitioner pled guilty to conspiracy to commit espionage and attempted espionage in violation of 18 U.S.C. § 794. On June 23, 1997, petitioner was sentenced to a term of 324 months of incarceration to be followed by five (5) years of supervised release. *See United States v. Pitts*, 973 F.Supp. 576, 577-79 (E.D. Va. 1997). Petitioner's appeal of his sentence to the Fourth Circuit was denied in May 1999, and the Supreme Court denied petitioner's writ of certiorari on October 4, 1999. *See United States v. Pitts*, 176 F.3d 239 (4th Cir. 1999); *United States v. Pitts*, 528 U.S. 911 (1999).

Thereafter, on January 13, 2006, petitioner filed a motion for recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 and a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. Both motions were denied by Orders dated February 28, 2006 and April 14, 2006, respectively. *United States v. Pitts,* No. 1:06cv064 (E.D. Va. February 28, 2006) (Order); *United*

*States v. Pitts*, 2006 U.S. Dist. LEXIS 19715 (E.D. Va. April 14, 2006). Petitioner now seeks a certificate of appealability with respect to these Orders.

It is well-established that a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this standard, a defendant must demonstrate that reasonable jurists would find both (i) that the district court's assessment of his constitutional claims is debatable or wrong and (ii) that any dispositive procedural ruling rendered by the district court is debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

With respect to petitioner's motion for recusal, petitioner claimed that recusal was necessary based on statements made by the Court during the sentencing hearing regarding the serious nature of petitioner's crimes and reflecting that in the absence of the Sentencing Guidelines (which were mandatory at that time), the appropriate sentence would have been life without the possibility of parole. Alternatively, petitioner argued that recusal was appropriate because, in the event petitioner obtained habeas relief and was resentenced, the Court would be unduly swayed by the government's *ex parte* submissions pertaining to espionage unrelated to petitioner's case.

Under 28 U.S.C. §§ 144 and 455, the test for recusal is whether a person with knowledge of all of the circumstances might reasonably question the judge's impartiality. *See, e.g.*, *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). Importantly, to be disqualifying, the bias or prejudice generally must stem from a source outside the judicial proceedings at hand. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). As the February 28, 2006 Order explains, applying

these principles compels the conclusion that recusal is not required because there was no allegation of extrajudicial bias and the Court's statements during petitioner's sentencing reflect the Court's view on the "nature and circumstances of the crime" and "the seriousness of the offense," matters the Court was required to assess and take into account in imposing an appropriate sentence. *See* 18 U.S.C. § 3553(a).

With respect to petitioner's § 2255 petition, the threshold issue was whether the § 2255 petition, filed six years after the date petitioner's conviction became final, was timely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),28 U.S.C § 2255 *et seq.,* establishes a one year statute of limitations for filing § 2255 petitions for collateral relief. Under AEDPA, the limitations period begins to run from the latest of four statutorily specified events.[1] In this case, the statute of limitations began to run on October 4, 1999, the date petitioner's conviction became final as a result of the Supreme Court's denial of his direct appeal. Importantly, the April 14, 2006 Order considered and rejected petitioner's arguements that the Supreme Court, in *United States v. Booker*, 543 U.S. 220 (2005), recognized a new right that would apply retroactively and that newly discovered evidence warranted restarting the statute of

---

[1] 28 U.S.C. § 2255 provides that the limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

limitations. Accordingly, petitioner's § 2255 petition, filed more than six years after the Supreme Court's denial of his direct appeal, was denied as untimely. *United States v. Pitts*, 2006 U.S. Dist. LEXIS 19715 (E.D. Va. 2006). Additionally, it should be noted that the April 14, 2006 Order also denied, as procedurally and substantively infirm, petitioner's claim seeking relief on the ground that the government failed to inform the Court about petitioner's cooperation in 1997 and petitioner's claim that the government breached his plea agreement by failing to pursue or take advantage of the information he provided regarding Robert Hanssen.

Petitioner has not provided a scintilla of evidence that either the February 28, 2006 Order or the April 14, 2006 Order are based on a "debatable or wrong" assessment of his constitutional claims or a "debatable or wrong" dispositive procedural ruling. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where, as here, petitioner has not made "a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

For these reasons, and for good cause,

It is hereby **ORDERED** that Pitts' petition for a certificate of appealability is **DENIED**.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record.

_____/s/_____
Alexandria, Virginia						T. S. Ellis, III
November 20, 2006						United States District Judge

4